WILLIAMS & Co., INC., Respondent, *v.* THE GROVEVILLE COR-
PORATION and Others, Appellants.

First Department, April 21, 1939.

*Benjamin Lewis* of counsel [*Alfred B. Nathan* and *A. J. Asche*
with him on the brief; *Moos, Nathan, Imbrey & Levine,* attorneys],
for the appellants.

*Morris G. Duchin* of counsel [*Alexander Pfeiffer* with him on the
brief; *Pfeiffer & Crames,* attorneys], for the respondent.

TOWNLEY, J. This action was brought by a broker to recover
commissions allegedly earned in negotiating a lease between the
defendant corporation, owner of certain premises in the city of
Beacon, New York, and plaintiff's client, Pilgrim Piece Dye Works,
Inc. In plaintiff's bill of particulars the terms of its employment
are described as a duty to procure a lease " at such rental and upon
such terms and conditions as might thereafter be agreed upon
between the defendants and the lessee procured by the plaintiff."
On a similar hiring it has already been decided (*Arnold* v. *Schmeidler,*
144 App. Div. 420, 427) that " the broker's commissions are not
earned until the customer produced by him reaches an agreement
with the owner upon the price and terms upon which a sale can be
made. This of course does not mean that a contract in writing
must be signed by the parties, but that their minds must meet not
only upon the price but upon the essential terms of an agreement
to purchase."

The parties met December 10, 1934, and discussed the terms of
the lease. It was a complicated letting involving one building and
parts of another as a piece dye works. Various equipment prob-

lems were to be solved. The quality and adequate supply of water were vital to the lessee. Questions of bunker space on the premises for coal storage were presented and the problem of payment of taxes and an adequate supply of steam heat had to be settled. On December tenth many of the more important details of the proposed instrument were agreed upon. There was, however, no finality to the discussion. Only basic points had been determined. It was decided that defendants' lawyer should prepare a detailed lease to be submitted to lessee's counsel. On the twelfth of December a long complicated lease was submitted. The lessee's counsel then took the position that he must examine the clauses in detail. In addition he said that he would not advise the lessee to sign until after there had been a search of defendant corporation's title to determine the sufficiency of certain water rights.

During the pendency of these negotiations the lessor had another prospective tenant whom it did not wish to lose by undue delay in discussing terms with plaintiff's client. That this situation was perfectly well known to all parties appears from a part of the letter which Dorf, plaintiff's employee, signed on December tenth as follows:

" I have been informed and know that you are negotiating and are entitled to sign a lease with others covering the same premises.

" I understand that you will not close with any others before Tuesday night (Dec. 11th)."

When on December twelfth plaintiff's client refused to execute the lease but insisted upon having about ten days to search the title or the privilege of executing the lease conditionally pending a title search, the landlord demanded an immediate signing or a definite breaking off of the negotiations. No element of bad faith is shown in the position taken by the landlord. It was understood that the agreed time in which a settlement could be reached had passed. There was nothing in the prior negotiations to justify a demand for additional delay in executing the lease or to make it obligatory upon the owner to give time for any title search.

The case was submitted to the jury without objection on the theory that there was an issue of fact whether there was a complete agreement as to the terms of the lease on December tenth. The jury brought in a verdict in favor of the plaintiff. From plaintiff's own witnesses and from Dorf's letter, it is obvious that there had been no such agreement and the verdict is unquestionably against the weight of the evidence.

Motions were made by defendants to dismiss the complaint at the end of the plaintiff's case and at the end of the whole case on the theory that no cause of action was made out by plaintiff. The

motions were denied and exceptions were duly taken. On this record it is clear that plaintiff did not produce a lessee willing to close on terms mutually satisfactory to itself and the owner and these motions should have been granted.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON, UNTERMYER and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.